**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARTURO RICO PEREZ, | ) |
| Petitioner, | ) Case No.: 2:16-cv-01280-GMN-CHW |
| vs. | ) **TEMPORARY RESTRAINING ORDER** |
| ZAIRA ALEJANDRA CARRASCO SAENZ, | ) |
| Respondent. | ) |

Pending before the Court is Petitioner Arturo Rico Perez's Ex Parte Motion under the Hague Convention for Entry of a Temporary Restraining Order (ECF No. 3)[1] and Ex Parte Petition for Warrant in Lieu of a Writ of Habeas Corpus (ECF No. 4).  This case arises out of a dispute between the parents of child V. R.-C. regarding whether the child was wrongfully taken to the United States from Mexico.  Petitioner, the child's father, alleges that Respondent Zaira Alejandra Carrasco Saenz, the child's mother, violated a custody order in Mexico by taking the child to the United States.  Respondent and the child allegedly have been living in Las Vegas, Nevada, since December 17, 2015. (*See* Mot. 5:5–10, ECF No. 3).  This Court has jurisdiction over this case under 22 U.S.C. § 9003 (formerly cited as 42 U.S.C. § 11603).

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the

---

[1] While Petitioner specifically requests a Temporary Restraining Order, such an order is necessarily short-term and cannot exceed fourteen days. *See* Fed. R. Civ. P. 65(b)(2).  Accordingly, the Court construes Petitioner's request to include a Motion for Preliminary Injunction.  If granted after a hearing before the Court, the Preliminary Injunction would remain in effect until the case is decided on the merits or the Preliminary Injunction is otherwise dissolved by the Court.

status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, based on Petitioner's Motion (ECF No. 3) and the supporting documentation in Petitioner's Complaint (ECF No. 1), for good cause shown, the Court rules as follows:

The Court finds that:

1. Petitioner is likely to prevail on the merits of its wrongful retention claim under the Hague Convention against Respondent based on the Points and Authorities in Petitioner's Motion (ECF No. 3) alleging that Mexico is the child's habitual residence and that Petitioner was exercising his custodial rights at the time of the alleged wrongful retention.

2. The alleged irreparable harm is the alienation of the child from her father, Petitioner, and his loss of custodial rights. Further, Petitioner alleges the risk that Respondent will flee the jurisdiction and "further hide the child" upon service of Petitioner's lawsuit before this Court.

3. Both the balance of equities and the public interest favor the status quo of keeping the child in the jurisdiction temporarily to determine if a Preliminary Injunction is appropriate until the Court can determine the case on its merits.[2]

4. At this time, prior to the Preliminary Injunction Hearing, it is not necessary to take the child from Respondent's custody, as requested by Petitioner's Ex Parte Petition for Warrant (ECF No. 4). There is no immediate harm to the child beyond removal from the jurisdiction of this Court, which is temporarily prohibited by this Order.

---

[2] Magistrate Judge Carl W. Hoffman, Jr. will be issuing a separate order setting an evidentiary hearing regarding the merits of the case.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent shall not remove the child from the jurisdiction of this Court pending the Preliminary Injunction Hearing.

**IT IS FURTHER ORDERED** that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending the Preliminary Injunction Hearing.

**IT IS FURTHER ORDERED** that the Preliminary Injunction Hearing shall take place before the Honorable Gloria M. Navarro at 1:30 p.m. on Thursday, June 16, 2016, in Las Vegas Courtroom 7D.

**IT IS FURTHER ORDERED** that Respondent shall file a Response Brief regarding the Preliminary Injunction by 12:00 p.m. on Wednesday, June 15, 2016.

**IT IS FURTHER ORDERED** that Petitioner's Ex Parte Motion under the Hague Convention for Entry of a Temporary Restraining Order (ECF No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Ex Parte Petition for Warrant in Lieu of a Writ of Habeas Corpus (ECF No. 4) is **DENIED.**

**DATED** this 9th day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge